# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KATHLEEN REILLY | : | CIVIL ACTION |
| --- | --- | --- |
| *Plaintiff* | : | |
| | : | NO. 17-2491 |
| v. | : | |
| | : | |
| NANCY A. BERRYHILL, Acting | : | |
| Commissioner of the Social Security | : | |
| Administration | : | |
| *Defendant* | : | |

## ORDER

**AND NOW**, this 5th day of September 2018, upon a careful and independent consideration of the administrative record, [ECF 8], the *Report and Recommendation* (the "R&R") issued on April 20, 2018, by the Honorable Thomas J. Rueter, United States Magistrate Judge, [ECF 14], the *objections to the R&R* filed by the Acting Commissioner of the Social Security Administration ("Defendant"), [ECF 15], and Plaintiff Kathleen Reilly's ("Plaintiff") response thereto, [ECF 17], it is hereby **ORDERED** that:

1. Defendant's objections are **OVERRULED**;[1]

---

[1] On June 6, 2017, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision which denied her claim for disability insurance benefits under Title II of the Social Security Act. [ECF 3]. Plaintiff's claimed disability included the following conditions: fibromyalgia; arthritis; carpal tunnel syndrome in her right hand; chronic right knee pain which was later diagnosed as being caused, at least in part, by synovial sarcoma of the right leg; degenerative discs of the thoracic spine; acid reflux; irritable bowel syndrome; depression; and anxiety. By Order dated January 4, 2018, this matter was randomly referred to the Honorable Thomas J. Rueter, United States Magistrate Judge (the "Magistrate Judge") for a report and recommendation. [ECF 13]. On April 20, 2018, the Magistrate Judge issued a thoroughly well-reasoned 33-page R&R. [ECF 14].

In the R&R, the Magistrate Judge recommended remanding this matter to the Administrative Law Judge ("ALJ") to consider, *inter alia*, "the evidence pertaining to synovial sarcoma, and resulting functional limitations, if any, that are supported by the administrative record throughout the sequential evaluation process"; "the severity of plaintiff's hand impairment at step two," and if he concludes it is not a severe impairment, "the effects of plaintiff's non-severe impairments throughout the disability determination"; "all of plaintiff's credibly established impairments when determining plaintiff's RFC [residual functional capacity]"; and "the opinion of Dr. Fabian, plaintiff's treating physician, in light of the evidence of synovial sarcoma and carpal tunnel syndrome." [ECF 14 at 19, 24, 28, 31]. The Magistrate Judge also suggested that the ALJ consider consulting a medical expert, but did not recommend requiring him to do so. [*Id.* at 20].

Defendant filed timely objections to the R&R, arguing that the Magistrate Judge erred in recommending a remand because the ALJ had properly considered all of the relevant evidence.

Specifically, as to Plaintiff's synovial sarcoma, Defendant argues that the ALJ's designation of "disorders of the muscle, ligament and fascia" at step two "clearly encompasses Plaintiff's right knee impairment"; that the ALJ considered "the entire longitudinal medical record with respect to Plaintiff's right knee pain"; that Plaintiff's synovial sarcoma did not meet the 12-month durational requirement of 42 U.S.C. § 423(d)(1)(A) because it was diagnosed only three to five months before the ALJ's decision; that there was not sufficient objective medical evidence to support a more restrictive RFC than sedentary work; and that the available medical evidence of record indicated that the synovial sarcoma was successfully treated via surgery. As to Plaintiff's carpal tunnel syndrome in her right hand and other claims of hand impairments, Defendant contends that the ALJ considered all objective medical evidence supporting a finding of hand impairments, and Dr. Fabian's opinion of Plaintiff's hand limitations, contrasted against "a wealth of evidence documenting no significant limitations in the use of Plaintiff's hands," and opted against designating a severe hand impairment. Defendant also argues that any arguable error in concluding that these impairments were non-severe was harmless because the ALJ found that other impairments were severe and proceeded forward in the sequential evaluation process, discussing all of the medical evidence relevant to both Plaintiff's synovial sarcoma and carpal tunnel syndrome. [ECF 15].

When considering objections to the R&R, the court must undertake a *de novo* review of the portions of the R&R to which objections were filed. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). Judicial review of an administrative decision is, however, limited in scope. The court must review the factual findings of the ALJ in order to determine whether these findings are supported by substantial evidence. *See* 42 U.S.C. §405(g); *Jenkins v. Comm' of Soc. Sec.*, 192 F. App'x 113, 114 (3d Cir. 2006); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

After a *de novo* review of the record, this Court overrules Defendant's objections. Initially, this Court finds that there is substantial evidence of record potentially demonstrating that Plaintiff's synovial sarcoma was a "medically determinable physical . . . impairment . . . which . . . lasted . . . for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Specifically, the medical records reveal that Plaintiff complained of right knee pain for many years, and that an October 2014 MRI showed the lesion, though it was not diagnosed as a sarcoma at that time. A subsequent MRI in 2015 showed that the lesion had grown. In January 2016, the lesion was surgically removed, and revealed to be a synovial sarcoma. The fact that the sarcoma went undiagnosed for over a year appears irrelevant to the determination of its duration, where the medical record indicates it was present "for a continuous period of not less than 12 months." *See id.* However, this observation is left to the ALJ's determination.

Next, it is unclear from the record whether the ALJ specifically considered the severity of Plaintiff's synovial sarcoma and hand impairments at step two. Defendant suggests that the ALJ's designation of "disorders of the muscle, ligament and fascia" as severe impairments at step two included Plaintiff's synovial sarcoma because, according to Defendant, this designation "clearly encompasses Plaintiff's right knee impairment." This Court cannot reach this conclusion absent support in the record to do so, and none exists. Cancer is not considered a disorder of the muscle, ligament or fascia. While the case law does support Defendant's assertion that an error at step two may be harmless if, at later steps in the sequential evaluation process, the ALJ proceeds to consider impairments which were erroneously found to be non-severe in combination with any severe impairments, this Court notes that such later consideration must include a reasoned explanation incorporating the relevant evidence. *See McClease v. Comm'r of Soc. Sec.*, 2009 WL 3497775 (E.D. Pa. Oct. 28, 2009) (holding that error at step two was prejudicial where ALJ's decision did not provide full discussion of relevant evidence in later steps); *cf. Fields v. Colvin*, 2017 WL 564999 (W.D. Pa. Feb. 13, 2017) (holding that any alleged error at step two was harmless where some impairments were found to be severe and the sequential evaluation process

2

2. The R&R is **APPROVED** and **ADOPTED**;

3. Plaintiff's Request for Review is **GRANTED**, in part, and **REJECTED**, in part; and

4. The matter is **REMANDED** to the Acting Commissioner of the Social Security Administration to direct the Administrative Law Judge to conduct additional proceedings consistent with the R&R.

**BY THE COURT:**

s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

continued, but remanding nonetheless because district court could not conduct proper and meaningful review where RFC determination did not contain "detailed analysis" of impact of severe and non-severe impairments). Here, the ALJ's decision did not include a sufficient reasoned explanation. To the contrary, the decision contained a recitation of the evidence followed by a conclusory paragraph restricting Plaintiff's RFC to sedentary work and indicating, in part, that Plaintiff's "examinations were generally unremarkable" and that "[s]he had a number of diagnostic studies, most of which were negative." [ECF 8-2 at 26]. As such, the analysis appeared to explicitly exclude consideration of Plaintiff's synovial sarcoma diagnosis. It is possible that the ALJ did not include consideration of the sarcoma based on concerns with the 12-month durational requirement, but the decision did not so indicate.

This Court also makes note of footnote seven of the R&R, which discusses step three of the sequential evaluation process. Although the United States Court of Appeals for the Third Circuit (the "Third Circuit") does not require an ALJ to "use particular language or adhere to a particular format" when evaluating at step three whether an impairment, or combination of impairments, matches an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1, the Third Circuit has held that an ALJ's bare conclusions, bereft of an explanation of findings, are beyond meaningful review. *See Jones v. Barnhart*, 364 F.3d 501, 504-05 (3d Cir. 2004); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-20 (3d Cir. 2000). Here, reading the ALJ's decision as a whole, this Court is unable to discern the ALJ's reasoning supporting his step-three conclusion that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in Appendix 1. Indeed, while the ALJ noted that "[t]here are no specific listings related to fibromyalgia or disorders of the ligament and fascia," he did not reference or discuss the listing for major dysfunction of a joint, which is of particular relevance here. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.02.

In summary, as the United States Court of Appeals for the Fourth Circuit has indicated:

> We do not take a position on the merits of [Plaintiff's] application for disability benefits. Instead, the dispute here arises from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.

*Patterson v. Comm'r of Soc. Sec.*, 846 F.3d 656, 663 (4th Cir. 2017) (citation omitted). Such is the issue in the present case. Accordingly, the R&R is adopted and approved in its entirety, and Defendant's objections are overruled.

3